# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MICHAEL MATYSIK, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:15-MC-113-PRC |
| | ) |
| JUDD TRANSPORTATION, LLC, et al., | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Quash Subpoenas [DE 1], filed by Defendants Judd Transportation, LLC, Bolt Express, LLC, and Brett Larsen on December 22, 2015. Plaintiff filed a response on December 28, 2015. Defendants did not file a reply, and the time to do so has passed.

Pursuant to Federal Rule of Civil Procedure 45(a)(1)(A)(iii), a party may serve a subpoena commanding a nonparty to produce designated documents. Rule 45(d)(3)(B) permits a court to quash a subpoena based on a timely motion if the subpoena requires the disclosure of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). As for relevance, "[t]he scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Williams v. Blagojevich*, No. 05 C 4673, 2008 WL 68680, at *3 (N.D. Ill. Jan. 2, 2008). The broad scope of discovery permits a party to seek information

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

A party that is not the recipient of a Rule 45 subpoena does not have standing to quash the subpoena unless the party claims a personal right or privilege with respect to the documents sought in the subpoena. *See Powell v. Regency Hosp. of NW. Indiana, LLC*, NO,. 2:10-CV-220, 2011 WL 1157528, at *2 (N.D. Ind. Mar. 28, 2011) (citing *Mfr. Direct, LLC v. Directbuy, Inc.*, No. 2:05-cv-451, 2007 WL 496382, at *2 (N.D. Ind. Feb. 12, 2007); *Teed v. JT Packard & Assocs., Inc.*, No. 10-MISC-23, 2010 WL 2925902, at *2 (E.D. Wis. July 20, 2010); *Barker v. Local 150, Int'l Union of Operating Eng'rs, AFL-CIO*, No. 08 C 50015, 2010 WL 934068, at *3 (N.D. Ill. Mar. 11, 2010)).

In the motion, Defendants ask the Court to quash subpoenas issued by Plaintiff to nonparty medical providers of Defendant Brett Larsen, namely Dr. Robinson and North Toledo Clinic. Defendants argue that the subpoenas are overly broad, unduly burdensome, and seek protected information.

As to relevance and protected information, Defendants argue that they have not put Defendant Larsen's health and fitness at issue in this litigation. However, as noted by Plaintiff in the response brief, this cause of action is based on allegations that Plaintiff suffered damages and injuries sustained as a result of a tractor-trailer crash in which Defendant Larsen, the driver, disregarded a stop sign and traffic control device, driving through an intersection and striking Plaintiff's vehicle. Both subpoenas seek records relating to Larson's DOT physical examination prior to the incident. The Court finds that the information requested in the subpoenas and the time period for which the records are sought is relevant. Thus, the subpoenas are not overly broad.

As for the subpoenas being unduly burdensome, Defendants do not have standing to make this argument. Neither of the parties to whom the subpoenas were issued argued that compliance was

unduly burdensome. And, Plaintiff represents that the nonparties have already complied with the subpoenas.

Based on the foregoing, the Court hereby **DENIES** Defendants' Motion to Quash Subpoenas [DE 1].

SO ORDERED this 14th day of January, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT